# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.R.**

**No. 21-0196** (Kanawha County 19-JA-670)

## MEMORANDUM DECISION

Petitioner Mother D.R., by counsel Christopher McClung, appeals the Circuit Court of Kanawha County's January 21, 2021, order terminating her parental rights to A.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Sharon K. Childers, filed a response on behalf of the child in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying her motion for an improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2019, the DHHR filed an abuse and neglect petition alleging that petitioner and the father had a long history of domestic violence, having filed nine domestic violence petitions against each other in the four years prior to this proceeding. The DHHR also alleged that most of the domestic violence occurred in the child's presence. According to the petition, in the days leading up to the petition's filing, petitioner and the father "engaged in [a] very heated text exchange," during which the father threatened to leave the child home alone. Further, the father had recently choked petitioner "so violently that she urinated on herself" and he "then held her captive for nine hours." Petitioner was alleged to have filed for divorce on two separate occasions but did not pursue either proceeding. Based on these facts, the DHHR alleged that the child was abused and neglected. Following the petition's filing, petitioner waived her preliminary hearing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

At an adjudicatory hearing in December of 2019, petitioner stipulated to the allegations in the petition, and the circuit court adjudicated her as an abusing parent. The record reflects that the circuit court rejected the father's attempted stipulation and, instead, proceeded to a contested adjudication. Based on the evidence, the court found that the father engaged in extensive incidents of domestic violence with petitioner in the child's presence, including one instance wherein the father discharged a firearm at petitioner. Petitioner also moved for an improvement period, but the circuit court held that motion in abeyance pending her participation in a parental fitness evaluation.

In January of 2020, petitioner completed the evaluation, after which the evaluating psychologist concluded that petitioner's prognosis for improved parenting was very poor "[g]iven her limited acceptance of responsibility, her long-term history of exposing her child to domestic violence, her highly dysfunctional personality traits and characteristics, and her endorsement of the traits and characteristics of known child abusers." Specifically, the psychologist explained that although petitioner expressed regret for exposing the child to domestic violence, "she struggled to articulate why that constituted abuse or neglect." According to the psychologist, because insight and acceptance of responsibility are key factors relating to motivation to change, "there are significant concerns that [petitioner] will enter into this type of relationship again, particularly given that she has been reported as being violent and being the aggressor at times."

At a hearing in February of 2020, the guardian moved to suspend petitioner's visitation with the child because she refused to permit her service provider to inspect her home and over concern that petitioner "returned to the . . . [f]ather." The court noted that neither parent appeared for the hearing, although they were represented by counsel, and granted the motion suspending petitioner's visits. The court then held a hearing in May of 2020, for which petitioner again failed to appear.

In June of 2020, the circuit court held a dispositional hearing, during which the circuit court heard testimony from a DHHR employee and petitioner. The court also noted that it had previously suspended petitioner's visitation with the child because she refused to cooperate with service providers and denied access to her home when respondents believed she remained in a relationship with the father. Ultimately, the circuit court denied petitioner's motion for an improvement period, finding that "in addition to not being fully cooperative with her provider, [she had] taken only limited responsibility" for her abusive conduct. The court also found that petitioner had not followed through with the reasonable family case plan or otherwise made sufficient efforts to remedy the conditions of abuse and neglect, and, therefore, there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Finally, the court found that termination of petitioner's parental rights was necessary for the child's welfare. Accordingly, the court terminated petitioner's parental rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

---

[2]The fathers' parental rights were also terminated below. The permanency plan for the child is adoption in the current foster home.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner alleges that the circuit court erred in terminating her parental rights without first granting her an improvement period. According to petitioner, she participated in all services available and accepted responsibility for her role in the domestic violence. This argument, however, is contradicted by the record. For example, petitioner argues that she enrolled in domestic violence classes. While this may be true, the record shows that a DHHR employee specifically testified at the dispositional hearing that the DHHR recommended termination of petitioner's parental rights because "[s]ervices aren't being completed" and the DHHR had "very little contact with her." Petitioner asks this Court to grant her relief because she took the meager step of enrolling in required classes, while ignoring the fact that the DHHR indicated that there was no confirmation that petitioner actually completed the classes. Petitioner also asserts that she "availed herself to any visits or phone conference offered with her son," while completely ignoring the fact that her visits were cancelled because of her refusal to permit the DHHR to inspect her living arrangements in order to confirm that she was not continuing her relationship with the father, an individual with whom petitioner engaged in extensive physical violence in the child's presence. Simply put, the record does not support petitioner's assertion that she was compliant.

We have explained that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period.'" *In re Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004) (citation omitted). As set forth above, petitioner could not satisfy this burden based upon her failure to fully comply with the services previously offered. Further, the record shows that petitioner's compliance was so lacking that she failed to appear for several hearings during the proceedings. On appeal, petitioner blames the DHHR for a lack of contact and effort in helping her complete the services offered. However, it is clear that it was petitioner who was unwilling to fully comply, given her willful refusal to cooperate with the DHHR or attend regular hearings. As we have explained, the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). We find no abuse of this discretion, given that petitioner failed to

fully participate in services below and willfully refused reasonable requests from the DHHR during the proceedings. As such, petitioner is entitled to no relief.

This same evidence also supports the circuit court's termination of petitioner's parental rights. On appeal, petitioner asserts, without any support, that "a change in the near future is possible." Petitioner then speculates that she was willing to participate in services to address issues such as housing, regular counseling, and "anything else required by the Court." This speculation regarding her assertion that she could improve at some point in the future is simply insufficient to entitle her to relief. Indeed, this Court has routinely held that "courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4, in part (citation omitted). As the court below found, the child's welfare required termination, especially in light of petitioner's unwillingness to fully comply with the services offered in order to remedy the severe conditions of abuse and neglect at issue. Contrary to petitioner's arguments, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect, given her failure to follow through with the reasonable family case plan, in accordance with West Virginia Code § 49-4-604(d)(3). Further, under West Virginia Code § 49-4-604(c)(6), a circuit court may terminate parental rights upon such findings. Finally, as this Court has held,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based on the overwhelming evidence in support of these determinations, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 21, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: October 1, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4